# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JAMES MARK TAIT,

        Plaintiff,                    Case Number: 08-14191

v.                                          JUDGE PAUL D. BORMAN
                                            UNITED STATES DISTRICT COURT

CAPITOL CITY TITLE AGENCY,

        Defendant.
_____ /

JAMES MARK TAIT

        Plaintiff,                    Case Number: 08-14411

v.                                          JUDGE PAUL D. BORMAN
                                            UNITED STATES DISTRICT COURT

CAPITOL CITY TITLE AGENCY,

        Defendant.
_____ /

## OPINION AND ORDER
## DISMISSING PLAINTIFF'S COMPLAINTS FOR LACK OF SUBJECT MATTER JURISDICTION

      Before the Court are two motions: (1) Defendants Erica Ehrlichman and The Findling Law Firm, PLC's ("Findling Defendants"), motion to dismiss Plaintiff James Mark Tait's ("Plaintiff") complaint for declaratory judgment, (Doc. No. 5) (Case No. 08-14411); and (2) Defendant, the Honorable Nick O. Holowka's, Motion to Dismiss Pursuant to FRCP 12(b)(2), (4) and (5), (Doc. No. 20) (Case No. 08-14411).  Plaintiff responded to both of the motions.  This Court heard oral

1

argument on the motions on August 27, 2009.  For the reasons stated below, the Court **DISMISSES** both of Plaintiff's complaints in their entirety.

**I. BACKGROUND**

On June 28, 2008, Plaintiff filed suit in this Court against Capitol City Title Agency, Case No. 08-14191, seeking declaratory judgment quieting title of a piece of property in Lapeer County, Michigan.  (Complaint. p. 1).  The property is the subject of a judicial foreclosure action in the Lapeer County Circuit Court.  (Defs.' Mot. p. 1).  The property is under the control of a state-court appointed receiver, Defendant David Findling.  (*Id.*)  Plaintiff claims to own the property pursuant to a Declaration of Land Patent; the state circuit court set aside the Declaration of Land Patent on October 17, 2008.  (Pl.'s Complaint p. 1; Defs.' Mot. Ex. A, *Order Setting Aside and Expunging Nunc Pro Tunc: (1) Declaration of Land Patent, (2) Easement and (3) Affidavit of Obligation Recorded Against Certain Real Property*).

On October 27, 2008, Plaintiff filed a second declaratory action in this Court, Case No. 08-14411, related to the foreclosed property, against Clarkson State Bank, Dawn Horner Shaheen, Jacobs & Ross, P.C., William Huffman, Judge Nick O. Holowka, Kevin B. Lasser, The Findling Law Firm, PLC, Erica Ehrlichman, and Richard A. Sabo.

On November 10, 2008, U.S. District Court Judge Arthur Tarnow, who was originally assigned to that second-filed case, ordered Plaintiff to show cause why this action should not be dismissed for a lack of subject matter jurisdiction.  In Plaintiff's response to the show cause order, Plaintiff cited 28 U.S.C. § 451, a definition section of the chapter setting out the general provisions applicable to courts and judges, as the basis for federal jurisdiction.  Plaintiff also relied on statutes relating to the convening of grand juries and FBI investigations.

Judge Tarnow's case, Case No. 08-14411, was transferred to this Court as a companion case to this Court's Case No. 08-1491 on February 11, 2009.

Presently before the Court are Defendants Erica Ehrlichman and The Findling Law Firm, PLC's motion to dismiss, and the Honorable Nick O. Holowka's motion to dismiss, filed in Case No. 08-14411.

## II. ANALYSIS

### A. Subject Matter Jurisdiction

This Court has an obligation to insure that it enjoys jurisdiction over a lawsuit before the Court. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004). If this Court finds that it does not have subject matter jurisdiction over a matter, Federal Rule of Civil Procedure 12(h)(3) permits a district court to dismiss a complaint *sua sponte* for lack of jurisdiction. *Janis v. Ashcroft*, 348 F.3d 491, 493 (6th Cir. 2003).

Federal district courts have original jurisdiction over lawsuits arising from federal laws, 28 U.S.C. § 1331, and "all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a).

Plaintiff has not pleaded a claim based on a federal law in either of his complaints. Plaintiff asserts that he has a federal land patent and, therefore, argues that his claims may be heard in federal court. Plaintiff presented to the Court a federal land patent from 1837, during the second term of President Martin VanBuren, which granted land to Nathan Dickenson, William Finely and George Beach and their heirs. Attached to the land patent is a recently drafted "Declaration of Land Patent" by Plaintiff that contains a description of the property and purports to grant title to Plaintiff.

3

Plaintiff's document, dated March 17, 2008, does not tie him to any of the individuals named in the 1837 land patent.

A federal land patent does not confer federal jurisdiction over a legal dispute that touches the land. *Virgin v. County of San Luis Obispo*, 201 F.3d 1141, 1145 (9th Cir.2000). In *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661 (1974), the Supreme Court explained that the the mere assertion of ownership by federal land patent does not give rise to a federal claim:

> Once patent issues, the incidents of ownership are, for the most part, matters of local property law to be vindicated in local courts, and in such situations it is normally insufficient for "arising under" jurisdiction merely to allege that ownership or possession is claimed under a United States patent.

*Id*. at 676-77. Then Justice Rehnquist, concurring, stated: "the grant of a land patent to a private party carries with it no guarantee of continuing federal interest and certainly carries with it no indefinitely redeemable passport into federal court." *Id.* at 683.

In *Corrigan v. LeClair*, 206 Fed. App. 771, 2006 WL 3378454 (10th Cir. 2006) (unpublished), the Tenth Circuit held, "A federal land patent does not confer federal jurisdiction over any legal dispute that touches the land." This Court agrees.

In this case, Plaintiff merely alleges ownership by federal land patent. Plaintiff's documents submitted to the Court do no establish his ownership. Further, Plaintiff's allegation, without more, does not create a claim "arising under" federal law. For this reason, federal question jurisdiction does not exist.

Diversity jurisdiction also does not exist in these lawsuits. Neither lawsuit is between citizens of different states.

The Court does not have jurisdiction over the complaints filed in Case No. 08-14191 or Case No. 08-14411. Accordingly, pursuant to Fed. R. Civ. P. 12(h)(3), the Court dismisses Plaintiff's

complaints in Case Nos. 08-14191 and 08-14411, for lack of subject matter jurisdiction.

**B. Defendants' Motions to Dismiss**

This Court has concluded that it does not have jurisdiction over Plaintiff's lawsuits. Thus, this Court need not further address Defendants' Motions to Dismiss.

**III. CONCLUSION**

For the reasons stated above, the Court **DISMISSES** Plaintiff's complaints for lack of subject matter jurisdiction.

SO ORDERED.

                      S/Paul D. Borman
                      PAUL D. BORMAN
                      UNITED STATES DISTRICT JUDGE

Dated: August 31, 2009

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 31, 2009.

                      S/Denise Goodine
                      Case Manager